UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENT BLACKWELDER, individually, and as next of kin for minor child JANE DOE, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:07-CV-486 |
| v. | ) ) | (VARLAN/GUYTON) |
| SPECPUB, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 26, 30] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiffs' Motion to Compel [Doc. 24] and the parties' Joint Motion to Continue. [Doc. 27] On March 11, 2009, the parties appeared before the Court for a hearing on the instant motions. After the hearing, the Court took the motions under advisement and they are now ripe for adjudication.

**I.     Plaintiffs' Motion to Compel [Doc. 24]**

The plaintiffs move the Court to compel the defendant to respond to outstanding discovery requests. As grounds, the plaintiffs argue that the answers are incomplete and evasive, and that more complete and specific answers are required. After reviewing the responses and listening to the arguments of counsel, the Court finds that some supplementation is appropriate. The Court also finds that the instant discovery dispute stems, in large part, from a failure to communicate, and not from an attempt by the defendant to evade responding or otherwise shirk its duties. However, as the

Court explained during the hearing, the Court finds that the second request for the production of documents from the plaintiffs' Third Interrogatory and Document Request, relating to a listing of the defendant's entire product line, is not relevant and is unduly burdensome. The Court finds that the plaintiffs can find ample support for their arguments as to the defendant's duty to protect the public from unsolicited mailings based upon the discovery already produced. The Court further finds that even if such discovery were allowed, the material would be inadmissible, as a parade of sexually explicit material never received by the plaintiffs would create a substantial and undue risk of prejudicing the defendant, and the probative value of such evidence would be greatly outweighed by the risk of prejudice.

Accordingly, the plaintiff's motion to compel **[Doc. 24]** is **DENIED in part** with respect to the request for production of documents related to the defendant's product line, and **GRANTED in part** with respect to the remaining portions of the motion, except as to the issue of allegedly attorney client privileged documents. The Court has taken under advisement the issue of allegedly attorney-client privileged emails and will rule on that issue in due course. The defendant shall have thirty (30) days from the entry of this Order to provide signed, written, supplemental responses consistent with those provided during the hearing. The Court finds that sanctions are not appropriate in this instance, as, given the defendant's efforts to comply, coupled with the failure in communication between counsel, an award of such sanctions would be unjust.

During the hearing, the defendant orally moved the Court to seal Exhibit 3 to Document 28, unredacted mailing list of the defendant. Given the private nature of the information, the Court finds such request to be well-taken, and the Clerk of the Court is **DIRECTED** to file the exhibit **[Doc. 28-3]** under seal.

## II. Joint Motion to Continue [Doc. 27]

The parties move the Court to continue the trial in this matter, currently scheduled for April 13, 2009. As grounds, the parties state that additional time is needed to complete discovery, to allow the plaintiff to file any motions necessitated by the defendant's soon to be filed amended answer, and to prepare for trial. For good cause shown, the parties' joint motion to continue **[Doc. 27]** is hereby **GRANTED** and the trial in this matter is **CONTINUED** to <u>**December 7, 2009**</u>. All deadlines established in the Scheduling Order [Doc. 16] are reset in accordance with the new trial date.

## III. Summary

For the reasons set forth more fully above, the plaintiffs' motion to compel **[Doc. 24]** is **GRANTED in part** and **DENIED in part** to the extent set forth above, with the exception that the Court has taken the issue of allegedly attorney-client privileged documents under advisement and will rule on that issue in due course. The parties' joint motion to continue **[Doc. 27]** is hereby **GRANTED**, and the trial in this matter is **CONTINUED** to <u>**December 7, 2009**</u>. All deadlines established in the Scheduling Order [Doc. 16] are reset in accordance with the new trial date. Additionally, the Clerk of the Court is **DIRECTED** to file Exhibit 3 to Document 28 **[Doc. 28-3]** under seal.

IT IS SO ORDERED.

**ENTER:**

    <u>s/ H. Bruce Guyton</u>
United States Magistrate Judge