IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY DOE, by next friend and natural parent, KENT BLACKWELDER, and KENT BLACKWELDER, individually )<br><br>Plaintiff )<br><br>vs. )<br><br>SPECPUB, INC. d/b/a SPECIALTY PUBLICATIONS )<br><br>Defendant ) | No. 3:07-CV-486 |

### MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF MOTION IN LIMINE NO. 1 OF DEFENDANT

The Plaintiff in this cause offers, as an expert, Russell R. Fallis, an attorney and a former Postal Inspector. A copy of the summary of professional experience of Russell R. Fallis is appended hereto as Collective Exhibit 1.

1. As an expert witness, Mr. Fallis offers his opinion as contained in a three page document entitled "Expert Opinion". On the first page thereof, under the heading "Discussion and Rationale", Mr. Fallis discusses 39 USC §3010(a) and concludes:

> . . . Therefore, the inner contents were not enclosed in a 'sealed envelope or cover' as required.

This is a finding by Mr. Fallis that the method of sealing the enclosed material was not in compliance with the provisions of 39 USC §3010, et seq.

Mr. Fallis also notes:

> Further, the annotations on the circular would not have been sufficient warning if they had been on the outside of the envelope.

This is a statement by the witness that the mailing in question did not comply with the provisions of 39 USC §3010, et seq. or Section 508.9.5(b)-(d) of the Domestic Mail Manual.

Witness Fallis also concludes that the warnings placed on the mailing material were " . . . not conspicuous enough in my opinion . . ."

This is another example of the witness rendering an opinion that the mailing in question violates the law which is prohibited by the provisions of Rule 702 of the Federal Rules of Evidence.

The conclusion of Mr. Fallis is stated as follows:

> . . . Based on that experience, knowledge of the regulations and examination of other mailings, I conclude the submitted mailing does <u>NOT</u> meet the regulatory standards established to protect the public.

The expert opinion of Russell R. Fallis is appended hereto as Collective Exhibit 2.

Rule 702 of the Federal Rules of Evidence provides, in pertinent part, as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a <u>fact in issue</u>, a witness qualified as

2

>an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . (emphasis supplied)

Rule 702 does not allow expert testimony on questions of law such as those offered by Mr. Fallis. This limitation has been recognized by the Sixth Circuit and reflects the well-established principle that in every courtroom the exclusive judge of the law is the court. *Molecular Tech. Corp. v. Valentine*, 925 F.2d 910 (6th Cir. 1991). It has been frequently held that it is improper for a trial judge to delegate his duties to determine the law of the case to an expert. *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984). The trial judge does not need the judgment of an expert witness. The limitation on the scope of expert testimony is so well-established that it has been deemed a basic premise or assumption of evidence law -- a kind of axialmatic principle. *In re Initial Pub. Offering Secs. Litig.*, 174 F.Supp.2d 61 (S.D.N.Y. 2001), citing Thomas E. Baker, *The Impropriety of Expert Witness Testimony on the Law*, 40 U. Kan. L. Rev., 325 (1992).[1]

The prohibition on expert legal testimony extends beyond pure testimony to testimony in which a witness seeks to apply the law to the facts of the case in which he testifies. *Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997). Expert testimony should be precluded if it does little more than tell the jury what result to reach. The Sixth Circuit has precluded expert witnesses

---

[1] Rule 704 of the Federal Rules of Evidence, which makes clear that otherwise admissible expert testimony is not objectionable because it embraces the ultimate issue to be decided by the trier of fact, is not to the contrary. See *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994). Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, the issue embraced must be a factual one.

3

from giving their opinion as to whether the facts of the case satisfy the applicable legal standard. *Id.* at 1220-1221; *Shahid v. City of Detroit*, 889 F.2d 1543 (6th Cir. 1989).

The opinions of Mr. Fallis invade the province of the court, seek to tell the judge what law to charge and the jury what result to reach. His opinions are almost exclusively couched in legal terminology based upon legal analysis and embrace the ultimate issue as to legal instead of factual matters. The limitations on expert testimony with respect to invading the province of the court on issues of law has been expressed by the Sixth Circuit as follows:

> Although an expert's opinion may 'embrace an ultimate issue to be decided by the trier of fact,' Fed. R. Evid. 704(a), the issue embraced must be a factual one. The expert can testify, if a proper foundation is laid, that the discipline in the Detroit Police Department was lax. He also could testify regarding what he believed to be the consequences of lax discipline. He may not testify, however, that the lax discipline policies of the Detroit Police Department indicated that the City was deliberately indifferent to the welfare of its citizens.
>
> It would have been easy enough for the drafters of the Federal Rules of Evidence to have said that a properly qualified expert may opine on the ultimate question of liability. That did not do so. When the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue. We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). The distinction, although subtle, is nonetheless important.

Furthermore, 'deliberate indifference' is a legal term, as the questioning of Postill indicated. It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court. The courts have addressed this issue, and typical of their holdings is that reached in <u>Hygh v. Jacobs</u>, 961 F.2d 359 (2d Cir. 1992). <u>Jacobs</u> was an excessive police force case. The expert was allowed to testify that 'in his opinion, the use of a baton or flashlight to strike a person in the head would constitute 'deadly physical force' that would not be 'justified under the circumstances.' <u>Id.</u> at 361-62.

In condemning this line of testimony, the court stated: 'This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.' <u>Id.</u> at 363. In concluding on this issue, the court held:

> Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard--explicit or implicit--to the jury. Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury. . . . Far more troubling, [the expert] testified that Jacobs' conduct was not 'justified under the circumstances,' not 'warranted under the circumstances,' and 'totally improper.' We have held that an expert's testimony that a defendant was 'negligent' should not have been allowed. We see no significant distinction in [the expert's] conclusory condemnations of Jacobs' actions here, which, in the language of the advisory committee, 'merely [told] the jury what result to reach.'

*Berry v. City of Detroit*, 25 F.3d 1342, 1353-54 (6th Cir. 1994).

For these reasons, it is respectfully submitted that the Motion in Limine striking the testimony of Russell R. Fallis is appropriate and should be granted.

Respectfully submitted, this 1st day of October, 2010.

/s/Richard L. Hollow
Richard L. Hollow
Attorney for Defendant

HOLLOW & HOLLOW, L.L.C.
P. O. Box 11166
Knoxville, TN  37939-1166
Ph. 865-769-1715

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

s/Richard L. Hollow