UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENT BLACKWELDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:07-CV-486 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| SPECPUB, INC., d/b/a, ) | |
| SPECIALTY PUBLICATIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 93] referring the Motion in Limine No. 1 of Defendant [Doc. 75], Motion in Limine No. 4 of Defendant [Doc. 81], and Motion in Limine No. 5 of Defendant [Doc. 83] to this Court for disposition. The parties appeared before the Court on November 12, 2010, to address these motions. Attorney David Burkhalter was present representing the Plaintiffs, and Attorney Richard Hollow was present representing the Defendant.

**I.  BACKGROUND**

In the Second Amended and Restated Complaint, the Plaintiffs allege as follows. Mr. Blackwelder is the father of M.B.,[1] a female who was twelve years old at the time of the events at issue. [Doc. 40 at ¶ 4]. Defendant Specpub, Inc., publishes, sells, and markets erotic magazines and videos. [Doc. 40 at ¶ 6]. In May 2007, the Defendant mailed Mr. Blackwelder a sexually oriented advertisement. [Doc. 40 at ¶ 10]. The exterior of the envelope containing the advertisement

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, a minor party is to be referred to using his or her initials.

included the Defendant's return address and the message, "New! Free DVD offer enclosed!" [Doc. 40 at ¶ 12].

On or about May 28, 2007, M.B. opened the envelope, which contained a subscription form for an erotic monthly magazine entitled "Freshmen," and a collage of explicit photographs of young men with erect penises. [Doc. 40 at ¶¶ 19, 20]. M.B. was "shocked and horrified" after reviewing the contents of the envelope. [Doc. 40 at ¶ 21]. Mr. Blackwelder was likewise "shocked, disgusted, and enraged" by the contents of the envelope. [Doc. 40 at ¶ 21].

On the basis of these allegations, the Plaintiffs bring claims against the Defendant for negligence, negligence per se, and intentional infliction of emotional distress [Doc. 40 at ¶¶ 38, 39, 43]. The Plaintiffs seek compensatory damages in the amount of $350,000.00, punitive damages in the amount of $3,500,00.00, and the issuance of a permanent injunction.

## II.  ANALYSIS

Now before the Court are three motions styled Motion in Limine No. 1, Motion in Limine No. 4, and Motion in Limine No. 5. Each of these motions challenges expert testimony– two motions challenge the testimony of Russell Fallis, a former United States postal inspector, and one of the motions challenges the testimony of John Stuhl, Ph.D., a counseling psychologist. The Court will address the challenges to Mr. Fallis and Dr. Stuhl in turn.

### A.  Russell Fallis

The Defendant moves the Court to exclude the testimony of Russell Fallis, a former postal inspector, who has offered opinions regarding the packaging of the materials at issue in this case. The Defendant first argues that Mr. Fallis's testimony is inadmissible and improper because it invades the province of the Court as to ultimate questions of law. [Doc. 75 at 1]. The Defendant also

2

Case 3:07-cv-00486   Document 114   Filed 11/17/10   Page 2 of 6   PageID #: 947

argues that Mr. Fallis did not consider all of the evidence available to him in formulating his opinion. [Doc. 81 at 1].

The Plaintiffs' position is that Mr. Fallis may testify as to mixed questions of law and fact. The Plaintiffs argue that Mr. Fallis is not testifying as to ultimate issues of law or directing the jury on applicable law. [Doc. 86 at 2-5].

Initially, the Court finds that, to the extent either the Defendant's Motion in Limine No. 1 or Motion in Limine No. 4 constitute a challenge to Mr. Fallis's testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), or Rule 702 of the Federal Rules of Civil Procedure, they are not well-taken. The motions were filed on October 1, 2010, just twenty-four days before the then scheduled trial date of October 25, 2010, and approximately seventy-two days before the present trial setting of December 13, 2010. The Scheduling Order instructs that all <u>Daubert</u> motions shall be made at least ninety days before trial, and given the age of this case, the Court finds that there is no good cause for having failed to comply with this deadline.

To the extent that the motions are objections to the relevancy of Mr. Fallis's proposed testimony, they will be granted in part and denied in part. Mr. Fallis's testimony regarding the envelope, its contents, and its packaging, such as wafers, [Doc. 76-2 at ¶¶ 6-8], appears to be relevant and appropriate expert testimony. The lack of evidence in the record, however, prevents the Court from making a definitive ruling on this testimony. Counsel have not taken any depositions in this case, and the only documents that offer any indication of how the parties might testify are the parties' pleadings.

For example, Mr. Farris opines that the submitted mailing could be "almost totally examined by 'telescoping' without breaking the wafer if it was intact." [Doc. 76-2 at ¶ 8]. It appears to the

3

Court that there is no indication that M.B., in fact, "telescoped" the allegedly offensive materials in this case. It appears to be largely agreed that she opened the materials without "telescoping" or otherwise testing the packaging. If so, the testimony regarding "telescoping" arguably is not relevant to the issues in this case. Notwithstanding, the undersigned does not have sufficient evidence to determine the relevancy of this testimony at this time. If the evidence at trial indicates that this testimony is not relevant, the Defendant may renew its objection, so that the District Judge may consider its argument at that time.

Accordingly, the Defendant's objection as to the testimony regarding United States Postal Regulations and the packaging of the materials, as contained in paragraphs six to eight of Mr. Fallis's Expert Opinion [Doc. 76-2], will be **DENIED WITHOUT PREJUDICE**.

As to Mr. Fallis's testimony regarding annotations and their conspicuousness and Congress's intent in passing these regulations, counsel for the Plaintiffs represented at the hearing that Mr. Fallis will not present this testimony. Accordingly, the Court finds that the Defendant's objection to the testimony contained in paragraphs nine through twelve of Mr. Fallis's Expert Opinion [Doc. 76-2] is well-taken, and it will be **GRANTED**.

**B.     John Stuhl, Ph.D.**

In Motion in Limine No. 5 [Doc. 83], the Defendant challenges the expert testimony of John Stuhl, Ph.D., the minor Plaintiff's treating psychologist. The Defendant objects that Dr. Stuhl's testimony does not comply with the professional code of conduct for psychologists. [Doc. 83 at 3-4]. However, the Defendant did not rely upon or reiterate this argument at the hearing on this matter. In addition, the Defendant argues that Dr. Stuhl's testimony does not comply with Daubert because Dr. Stuhl did not perform any objective testing of M.B.'s condition. [Doc. 84 at 4-6].

4

The Plaintiffs respond that the Defendant's motion is an untimely <u>Daubert</u> motion. [Doc. 86 at 17]. The Plaintiffs also maintain that a treating physician may testify as to causation. See <u>Fielden v. CSX Transp., Inc.</u>, 482 F.3d 866, 869 (6th Cir. 2007) (permitting a treating physician to testify as to causation). The Plaintiffs argue that all other objections to Dr. Stuhl's testimony are fodder for cross-examination. [Doc. 86 at 2].

The Court first finds that to the extent the Defendant's Motion in No. Limine 5 constitutes a challenge to Dr. Stuhl's testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), or Rule 702 of the Federal Rules of Civil Procedure, it is not well-taken. See <u>supra</u> at 3.

Further, the Court finds that the Defendant has offered no cases or specific ethical provisions that would bar Dr. Stuhl from testifying, and thus, the Court finds that the Defendant's objections based upon the alleged violations of the psychologists' code of conduct are not well-taken.

Finally, the Court finds that, to the extent the Defendant objects to Dr. Stuhl's testimony under Rule 403 for lack of probative value or relevancy, this objection is not well-taken. The Court has reviewed Dr. Stuhl's curriculum vitae, which was supplied to the Court at the hearing as part of Collective Exhibit 1. Dr. Stuhl is a counseling psychologist rather than a clinical psychologist, but he is, nonetheless, a "licensed health service provider" in the State of Tennessee, who has examined M.B., on numerous occasions. Dr. Stuhl also claims post-traumatic stress disorder as an area of clinical focus.

The Court finds that Dr. Stuhl's testimony is relevant and passes the admissibility standards contained in the Federal Rules of Civil Procedure. The Defendant will have an opportunity to challenge Dr. Stuhl's findings and opinions through cross-examination. See <u>Daubert</u>, 509 U.S. at

5

596 (citing Rock v. Arkansas, 483 U.S. 44, 61 (1987)) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") The jury is properly equipped to determine what weight, if any, should be afforded to Dr. Stuhl's opinions. See id. (discrediting arguments by counsel that are "overly pessimistic about the capabilities of the jury and of the adversary system generally"). Accordingly, the Court finds that Motion in Limine No. 5 is not well-taken, and it will be **DENIED**.

### III. CONCLUSION

In sum, Motion in Limine No. 1 **[Doc. 75]** and Motion in Limine No. 4 **[Doc. 81]** are **GRANTED IN PART** and **DENIED IN PART**, as more fully explained above, and Motion in Limine No. 5 **[Doc. 83]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge